# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JIMMIE HERSHEY, individually and on behalf of all other similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 07-1300-JTM |
| **EXXONMOBIL OIL CORPORATION,** ) ) | |
| **Defendant.** ) ) ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to strike parts of plaintiff's amended complaint. (Doc. 60).[1] Plaintiff opposes the motion. For the reasons set forth below, the motion shall be DENIED.

## Background

Highly summarized, plaintiff alleges that defendant underpaid and/or failed to pay royalties on natural gas and/or constituents of the gas stream produced from Kansas wells. Plaintiff contends that defendant underpaid royalty owners through improper accounting methods that include (1) starting with a price that is too low and (2) taking improper

---

[1] Plaintiff brings this action individually and on behalf of "others similarly situated." For purposes of editorial clarity the court will refer to plaintiff in the singular.

deductions. Plaintiff seeks an accounting and to recover the under-payments.

## Defendant's Motion to Strike

Defendant moves to strike paragraphs 18-45 of plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(f). Specifically, defendant contends that paragraphs 18-45 contain:

> a rambling dissertation expressing plaintiff's point of view about how the gas industry operates in general, including pictures and quotations from general papers apparently available on the internet. However, those paragraphs stop short of alleging specifically that ExxonMobil actually engaged in the conduct involved.

Defendant argues that plaintiff's "speculative tome about how he views the gas industry" is inappropriate and that the pleadings should be limited to "what plaintiff contends ExxonMobil did or did not do that caused plaintiff damages." Plaintiff counters that defendant has failed to carry its heavy burden of showing that the paragraphs are immaterial and impertinent under Rule 12(f). Plaintiff also argues that paragraphs 18-45 are relevant to its claims.

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standards for granting a Rule 12(f) motion are demanding and summarized by Chief Judge Vratil of this district as follows:

> Rule 12(f) motions are a generally disfavored, drastic remedy. A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties. If the record reveals any doubt as to whether under any

>contingency a certain matter may raise an issue, the court should deny
>the motion. If plaintiffs plead evidentiary facts that aid in giving a full
>understanding of the complaint as a whole, they need not be stricken.

<u>Miller v. Pfizer, Inc.</u>, 1999 WL 1063046, at * 3 (D. Kan. Nov. 10, 1999)(citations omitted).

The court agrees that paragraphs 18-45 contain some language of questionable materiality. For example, plaintiff recites in paragraph 24 that Kansas gas production dates back over 50 years and "Kansas has a long history of certifying royalty owner class actions." The relevance and materiality of this "general history" of other cases is not entirely clear. However, paragraphs 18-45 contain a general factual overview of gas production that, when considered as a whole, provide "evidentiary facts that aid in giving a full understanding of the complaint as a whole."[2] Accordingly defendant's motion to strike shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to strike **(Doc. 60)** is **DENIED.**

Dated at Wichita, Kansas this 27th day of February 2009.

>S/Karen M. Humphreys
>_____
>KAREN M. HUMPHREYS
>United States Magistrate Judge

---

[2] For example, paragraphs 18-20 contain allegations concerning (1) the party assigned the costs of placing the gas in "Marketable Condition" and (2) whether certain costs should be assessed against the royalty owner. Paragraphs 28-36 contain an overview of production processes and industry terms that are helpful in understanding plaintiff's allegations and theories.