IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JIMMIE HERSHEY, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

        Plaintiff,


        vs.                    Case No. 07-1300-JTM


EXXONMOBIL OIL CORPORATION,
        Defendants.



MEMORANDUM AND ORDER


On March 6, 2001, the lessors of certain natural gas wells commenced an action against the

lessee, Mobil Oil, alleging that Mobil had improperly deducted from their royalties the cost of

making the gas marketable. That action — *Farrar v. Mobil* Oil, Case No. 01-CV-12 (Stevens

County, Kansas District Court) — lay essentially dormant for years as other actions were resolved,

until the state court certified *Farrar* as a class action in 2009. In the interim, the defendant

ExxonMobil succeeded to Mobil's interests, and the plaintiff Jimmie Hershey filed, in 2007, the

present action alleging similar improper deductions. The *Farrar* class now seeks intervention here,

arguing that the *Hershey* class cannot adequately represent its interests in light of ExxonMobil's

statute of limitations defenses. Because the court finds that the *Hershey* class adequately represents

the interests of the members of the class, the request to intervene is denied.

The *Farrar* class seeks intervention for a limited purpose, specifically to partially decertify the class recognized in the court's prior Order. (Dkt. 135). The class argues that the claims advanced in *Farrar* include a similar claim under Kansas law that defendant breached an implied covenant of marketability, which placed the burden and cost of placing the natural gas into a marketable condition on ExxonMobil. (Dkt. 138, at 4-6). The *Farrar* class is comprised of approximately 5000 members, and, the *Farrar* class notes, the plaintiff Hershey has previously recognized that the *Farrar* action "covers most of the same wells" as presented here. (Dkt. 89, at 29).

Specifically, the Kansas district court in *Farrar* certified the following class:

> All persons or concerns owning mineral interests at any time after March 5, 1996, in lands located in the areal confines of the Kansas Hugoton Gas Field, burdened by oil and gas leases owned in whole or in part by defendant insofar as such leases are productive of gas from above the base of the Panoma Council Grove Field, the gas from which has been subject to the Gathering Agreement, including the instrumentalities of the United States of America and federally chartered corporations, such as, but not limited to, the Farm Credit Bank of Wichita and the Federal Land Bank, but excluding the United States of America insofar as its mineral interests are managed by the Mineral Management Service.

(Farrar Exh. C, at 19-20).

In its Certification Order, this court certified the following class:

> All royalty owners of ExxonMobil Oil Corporation (including predecessors, successors and affiliates) from Kansas wells that have produced gas and/or gas constituents (such as residue gas or methane, natural gas liquids, helium, nitrogen or condensate) from January 1, 1988, to the date of class certification.

(Dkt. 135, at 2).

The *Farrar* class argues that it should be allowed to intervene because Hershey cannot adequately represent the class as to the marketability claim given the effect of the five-year statute

of limitations for actions involving a claim by oil and gas royalty owners. *Smith v. Amoco Production Co.*, 272 Kan. 58, 76, 31 P.3d 255 (2001) (*citing* K.S.A. 60-511).

As noted earlier, the *Farrar* action was filed on March 6, 2001. The *Hershey* action was filed in state court on August 23, 2007. Accordingly, the *Farrar* class  argues the claims in the *Farrar* action reach back to 1996, while those in the present action extend back only to 2002. The *Farrar* class argues that the *Hershey* class can obtain a similar reach of time only by advancing the defense of fraudulent concealment and the open accounts doctrine, "a legal and evidentiary burden ... which the *Farrar* class does not face in their case." (Dkt. 138, at 8). Thus, it contends, Hershey's "negotiating position will be compromised by the six-year-deficit in the period allowed by the statute of limitations." (*Id.*).

Under Fed. R. Civ. P. 24(a)(2), a party may intervene as a matter of right if (1) the motion is timely; (2) the movant has an interest relating to the property or transaction that is the subject of the action; (3) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (4) the existing parties do not adequately represent the movant's interest. Under Rule 24(b), the court has discretion to allow permissive intervention if (1) the motion is timely, (2) the movant has a claim or defense that shares with the main action a common question of law or fact, and (3) intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

The court has previously recounted the history of the attempts by the *Farrar* class to advance its arguments. (Dkt. 135, at 25-26). The court concluded that "Rule 24 provides a specific vehicle for any person contesting a class certification to present his or her objections, and its provisions are not optional." (*Id*. at 26). The court upheld the decision of the United States Magistrate Judge (Dkt.

121) striking the Statement of the *Farrar* class, both on the grounds that the class should have raised its arguments by intervention, and under D.Kan.R. 7.4, in light of the *Farrar* class to file a timely response to the motion by Hershey to strike. (Dkt. 118).

The *Hershey* class argues that the *Farrar* class should not be allowed to intervene because it is procedurally improper. Specifically, the class argues that the request to intervene is untimely (Dkt. 148, at 5-6), it is essentially an improper motion to reconsider (*id*. at 7-8), and fails to comply with Rule 24 because it fails to establish "precisely what the proposed intervenor ... intends to do." (*Id*. at 8). In addition, the *Hershey* class challenges the proposed intervention on the merits. It acknowledges that the *Farrar* class has an interest in the property or transaction that is the subject of this action, but contends that the *Farrar* class cannot meet the remaining requirements for intervention, as there is no reason to conclude that Hershey and his counsel will not adequately represent the interests of the class or impede the interests of the *Farrar* class. (*Id*. at 13).

In contrast, ExxonMobil agrees that the *Farrar* class "should be allowed to intervene," (Dkt. 141, at 1), but argues that it should not be allowed to intervene for the limited purpose of challenging the adequacy of the representation of the *Hershey* class. Such intervention, it argues, would "wreak havoc on the litigation process" and "invite the unnecessary multiplication of litigation." (*Id*.). While acknowledging that the court may grant a limited intervention based on practical considerations, ExxonMobil argues that such intervention should not be allowed "on matters that go to the heart of a case." (*Id*. at 9).

Hershey argues that the present motion to intervene is untimely, because Farrar should have known of the need to intervene when it filed its October 1, 2010 Statement opposing certification and Hershey immediately moved (Dkt. 118) to strike the pleading, contending that intervention was

4

the proper vehicle to express opposition to the certification. It further notes that *Farrar* had raised similar concerns as to the limitations period in its August 12, 2008 Opposition to the Motion to Consolidate. (Dkt. 44, at 5 (observing "the claims [in *Farrar*] extend back to March 6, 1996 (i.e., five years prior to the filing of suit, under K.S.A. 60-511", while "the Hershey lawsuits were filed on August 23, 2007, and their claims extend back to August 23, 2002")).

The court finds that the present motion to intervene is timely. The determination of timeliness is a matter of discretion for the court. *Margaret v. Schreiner Transp.*, 814 F.Supp. 1001, 1003 (D. Kan. 1993). As a general rule, intervention in a class action is considered timely if it is sought prior to the time for opting out of the proposed class following certification. *In re Community Bank of North Va. Second Mort. Loan Litig'n, 418 F.3d 277, 314 (3d Cir. 2005), vacated on other gds., Drennan v. PNC Bank*, 622 F.3d 275 (3d Cir. 2010). Here, the class was certified on March 31, 2011, and the time for opting out has yet to occur. Further, given the recency of the certification, the court finds no substantial prejudice to the plaintiff or defendant in now considering the motion to intervene by the *Farrar* class.

The court finds that the *Farrar* class has adequately given notice of the remedies it seeks by intervention. A motion to intervene need not, as suggested by Hershey, supply a precise accounting of all aspects of the requested relief. (Dkt. 148, at 8). Rather, as with advancing a claim for relief in the first instance, it is sufficient if the intervenor supplies general notice of her interest in the litigation and the nature of her claims. *Day v. Sebelius*, 227 F.R.D. 668, 673 (D. Kan. 2005). Here, the application for intervention was submitted with the *Farrar* Second Amended Petition from the Stevens County, Kansas District Court. This is sufficient to give all parties familiar with the issues of the case a reasonable understanding of the interest which the Intervenor sought to protect.

The court also finds no barrier to intervention for a limited purpose. As the Tenth Circuit has recognized

> Rule [24]'s reference to practical considerations in determining whether an applicant can intervene implies that those same considerations can justify limitations on the scope of intervention. If the applicant is granted intervention because of an interest that may be injured by the litigation, it does not follow that the intervention must extend to matters not affecting that interest; and just because no party will adequately represent one particular interest of the applicant does not mean that the applicant must be allowed to participate in the litigation of other matters concerning which its interests are adequately represented.

*San Juan County v. United States*, 503 F.3d 1163, 1189 (10th Cir. 2007);

As to the specific requirements for intervention, however, the court finds that the *Farrar* class has failed to demonstrate the existence of any actual conflict justifying that remedy. Intervention is not justified where one of the existing parties has interests which are identical to that of the prospective intervenor; in such cases the court will presume that representation is adequate. *San Juan County*, 503 F.3d at 1204. *See also Jenkins by Jenkins v. Missouri*, 78 F.3d 1270 (8th Cir. 1996).

Here, there are important differences in the proposed classes. While the *Farrar* class correctly notes the prior observation by Hershey that the classes are similar in the number of wells, that observation was immediately qualified by observing that Farrar "does not make claims about Conservation Fee, Severance Tax on Helium, or any claims regarding reductions of royalty after the gathering lines." (Dkt. 89, at 29). The *Farrar* claim addresses the expenses for rendering marketable natural gas produced from the Kansas Hugoton Gas Field. This case addresses claims for rendering marketable gas from all natural gas wells in Kansas. It also involves other claims, including claims for processing deductions, and marketability claims for other products (helium and NGLs).

Further, the time period for recovery is not necessarily shorter in the present action. The *Farrar* case does not require resolution of limitations defenses such as fraudulent concealment, but the earliest date for recovery in that action is March 6, 1996, five years before the filing of the Petition. By contrast, and assuming that one of the tolling defenses advanced by Hershey is found to have merit, recovery in the present action may extend back to January 1, 1998 (Dkt. 135, at 2).

The *Farrar* action is not more substantially advanced than the present action. That action was stayed for four years while other actions were decided. The parties in *Farrar* have not conducted any substantial merits discovery. While the plaintiff class has submitted a motion for summary judgment, the issue raised is relatively narrow and affecting only a minority of the class, (relating to the application of a 1985 settlement agreement), advanced in a brief containing a single page of argument. (Dkt. 141, at 6-7).

While there are important distinctions between the two actions, the plaintiff classes in both actions share a common interest in maximizing recovery against the defendant. Differences in underlying trial strategies — such as different theories to obtain the most recovery for a plaintiff class in the face of potential statute of limitations defenses — are not a sufficient difference of interest to justify revocation of the presumption of adequate representation. *See Bumgarner v. Ute Indian Tribe*, 417 F.2d 1305, 1309-09 (10th Cir. 1969). *See also Jones v. Prince George's County*, 348 F.3d 1014, 1020 (D.C. Cir. 2003). In granting the Motion for Certification, the court specifically found Hershey to adequately represent the claims of the prospective class, and the court finds no basis for reaching a different conclusion now. (Dkt. 135, at 12-12).

In addition, the court finds that the claims advanced by Hershey herein are not subject to a shorter limitations period pursuant to the doctrine of class action tolling. Kansas law recognizes that

7

the filing of a class action tolls the running of the statute of limitations as to subsequent actions filed by members of the class. *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008) ("[i]f not for a tolling doctrine, individuals would feel compelled to file placeholder lawsuits prior to the expiration of the statute of limitations, thereby clogging the channels of the court with suits already encompassed by the class action"). "[T]he pendency of the initial action preserves the rights of potential class members under the applicable statute of limitations." *Waltrip v. Sidwell Corp.*, 234 Kan. 1059, 678 P.2d 128 (1984) (citing *American Pipe & Construction v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983)). *See also Farmland National Beef Packing v. Stone Container*, No. 03C89, 2006 WL 2356958, at *2-3 (Kan. Dist. Ct., Aug. 3, 2006).

The *Farrar* class argues that class action tolling is inapplicable in the present case because the present action is advanced as a class action, rather than a suit by an individual member in the Farrar class, and because certification in Farrar was not denied but was granted. The court finds that neither reason supports avoidance of the doctrine here.

It is certainly true that most courts have refused to apply class action tolling to protect subsequent class actions. *See Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir.1998); *Korwek v. Hunt*, 827 F.2d 874, 879 (2nd Cir.1987); *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir.1985); *Andrews v. Orr*, 851 F.2d 146, 148–49 (6th Cir.1988); *Griffin v. Singletary*, 17 F.3d 356, 359–60 (11th Cir.1994). However, the court finds that more recent, and more persuasive, decisions have supported the application of class action tolling to subsequent class actions, rejecting the view that the doctrine only protects successive individual lawsuits. *See Yang v. Odom*, 392 F.3d 97, 103 (3rd Cir. 2004), *cert. denied,* 544 U.S. 1048 (2005); *Catholic Social*

8

*Services, Inc. v. I.N.S.*, 232 F.3d 1139, 1149 (9th Cir. 2000) (*en banc*); *In re Farmers Ins. FCRA Litig'n.*, 738 F.Supp.2d 1180, 1210 (W.D.Okla. 2010).

Nor is the decision to grant certification in *Farrar* a bar to the doctrine of class action tolling. While courts have commonly expressed the doctrine as tolling the statute of limitations until certification in the first action is denied, such statements tend to reflect the factual circumstances of those cases, rather than a considered conclusion that denial of certification is an essential element of the doctrine. *See American Pipe*, 414 U.S. at 552-553 ("where class action status has been denied ... the commencement of the original class suit tolls the running of the statute"); *Crown, Cork & Seal Company, Inc. v. Parker*, 103 S.Ct. at 2397 ("[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied"). One court has specifically applied the doctrine where certification was granted in the original action. *Catholic Social Services, Inc. v. I.N.S.*, 232 F.3d at 1149.

While the Tenth Circuit has not explicitly addressed the issue, there are some indications that it would reach a similar conclusion. In reviewing the history of the doctrine in *Boellstorff*, the Tenth Circuit noted the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 US. 156, 176 n. 13 (1974) which addressed the issue of individual defendants declining to opt-out in order to avoid limitations defenses. *Eisen*, the Tenth Circuit stated, "'established that commencement of a class action tolls the applicable statute of limitations as to all members of the class,' **whether the class was ultimately certified or not**." 540 F.3d at 1229-30 (quoting *Eisen*, 417 U.S. at 176 n. 13) (emphasis added).

More importantly, the Tenth Circuit in *Boellstroff* also expressed an understanding of the doctrine which is inconsistent with its restriction to instances in which the certification in the first action is denied.

> Conceptually, *American Pipe* incarnates the principle that the class action is a representative creature. That is, members of a putative class are treated as if they were parties to the action itself until and unless they received notice thereof and chose not continue. Thus, the filing of a class action, in a classic legal fiction, causes the courts to treat members of the asserted class as if they have instituted their own actions, at least so long as they continue to be members of the class  and they have the benefit of tolling. Relying on the representativeness of class actions, the *American Pipe Court* concluded that no different a standard should apply to those members of the class who did not rely upon the commencement of the class action (or who were even unaware that such a suit existed).

540 F.3d at 1229 (citations, internal quotations, and alteration in *Boellstroff* omitted). This conceptual understanding of the doctrine applies whether certification is denied or granted. That is, all members of the potential class are automatically parties to the action until some event — such as decertification — occurs which dissolves the fiction.

This conceptual approach is similarly reflected in the recent decision by the Supreme Court in *Shady Grove Orthopedic Assoc's v. Allstate Ins*., __ U.S.__, 130 S.Ct. 1431, 1437 (2010), where the court held that Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." Rule 23 thus "provides a one-size-fits-all formula for deciding the class-action question." *Id*. *See also Swyer v. Atlas heating and Sheet Metal Works*, 642 F.3d 560, 564 (7th Cir. May 26, 2011) (noting that under *Shady Grove* "Rule 23 applies to all federal civil suits, even if that prevents achieving some other objective that a court thinks valuable").

10

The class certified in the present action is broader than that asserted in *Farrar*, the time period during which damages may be recovered is at least as long in length, the claims are at least *prima facie* valid and were advanced in good faith while *Farrar* was essentially dormant, and the plaintiff class here is aligned with that in *Farrar* in generally seeking to maximize the recovery available to its members. The court finds no basis for concluding that *Farrar* class has demonstrated a protectable interest that is imperiled by inadequate representation in the present action, and accordingly finds no basis for granting either mandatory or permissive intervention.

IT IS ACCORDINGLY ORDERED this 21st day of December, 2011 that the Motion to Intervene (Dkt. 137) of the *Farrar* class is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

11