IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMIE HERSHEY,
    individually and on behalf of all
    others similarly situated,
        Plaintiff,

vs.                               Case No. 07-1300-JTM

EXXONMOBIL OIL CORPORATION,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's Motion for Approval of Class Notice and Method of Distribution. (Dkt. 157). Under the procedure suggested by plaintiff Jimmie Hershey, ExxonMobil would produce a list of the last known mailing addresses of royalty owners. A designated Notice Administrator would review the list for address changes and create a website to provide information to potential class members. Plaintiff Class Counsel would engage in additional research to track down any royalty owners whose notices are returned as undeliverable. (Dkt. 158 at 3; Dkt. 170, at 9).

ExxonMobil argues that Hershey's proposed class notice is defective because it not clear, concise, or easy to understand. (Dkt. 165, at 4-5). Relying on conclusions contained in the report of its proposed expert Todd Hilsee, it contends that the proposed notice uses legalistic language which is slanted in favor of the plaintiff, coupled with an unfairly onerous opt-out procedure. As to the

notice plan, ExxonMobil contends that the plan — which depends on a database of royalty check recipients — cannot accurately identify potential members, as many royalty check recipients may have changed addresses without its knowledge, or may have received an interest "by assignment or other means" but who are not in its database. (*Id*. at 7, 8). Hershey's plan is deficient, it argues, since it does not "assure[] that at least *seventy to ninety-five percent* of all individual [prospective members] ... will receive the notice. (*Id*. at 8-9) (emphasis in original).

For class actions certified under Rule 23(b)(3), Rule 23(c)(2)(B) provides the standards for providing notice to prospective members:

> The court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (I)    the nature of the action;
>
> (ii)   the definition of the class certified;
>
> (iii)  the class claims, issues, or defenses;
>
> (iv)   that a class member may enter an appearance through an attorney if the member so desires;
>
> (v)    that the court will exclude from the class any member who requests exclusion;
>
> (vi)   the time and manner for requesting exclusion; and
>
> (vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

The court finds that content and distribution method for plaintiff's proposed Notice satisfies the standards of due process and Rule 23. As the plaintiff notes, similar procedures have been used by this court in other oil and gas royalty actions. *See Arkalon Grazing Ass'n v. Chesapeake Operating,* No. 09-1394-CM (D.Kan. Sept. 2, 2011); *Freebird, Inc. v. Merit Energy*, No.

10-1154-KHV (D.Kan. Jan. 28, 2011); *Eatinger v. BP America Prod'n*, No. 07-1266-EFM (D.Kan. Dec. 10, 2010). In contrast, ExxonMobil has identified no oil and gas royalty class action in which a court has rejected similar procedures.

The court finds that Mr. Hilsee's affidavit, which in many instances simply repeats suggestions in a checklist published by the Federal Judicial Center[1], is of limited usefulness. The Hilsee affidavit does not reference any petroleum class action litigation, and many of Hilsee's criticisms of the plaintiff's proposed notice would apply equally to the notice proposed by ExxonMobil. And while the FJC checklist generally observes that "[a] high percentage (e.g., between 70–95%) can often reasonably be reached by a notice campaign," the defendant points to no case holding that such a response rate is a constitutional prerequisite in all class actions. More importantly, Hilsee disavows any direct knowledge of prior oil and gas royalty litigation, yet the plaintiff has submitted documentation showing that similar notice procedures for prospective members have indeed meet the standard suggested by the defendant.

The court notes that the plaintiff's proposed notice (Dkt. 158-1), criticized for its lack of concision, is in fact less than half the length of the notice proposed by ExxonMobil. (Dkt. 165-6). The court finds that the language used in the plaintiff's proposed notice, which includes explanations for "What a Class Action Is" and the terms used in the notice, is within the common and ordinary understanding of royalty owners. The plaintiff's proposed notice fairly informs potential class members of their rights[2] and complies with the standards of due process and Rule 23.

---

[1] The FJC Class Action Notice and Claims Process Checklist is available at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf

[2] The proposed notice informs prospective members about this action, identifies Class Counsel and the separate Notice Administrator, and provides information for contacting the

3

The court finds that the plaintiff's proposed notice procedure is not defective on the grounds that royalty owners may lack information as to their ExxonMobil royalty Owner Number, and does not include prepared opt-out forms along with pre-paid postage. As the plaintiff has documented in its response, similar royalty litigation typically results in very few prospective members opting out, on the order of 1%. Requiring the prepaid postage and forms suggested by ExxonMobil would accordingly reflect a waste of economic resources. The defendant simply speculates as to the number of royalty owners who may not have current addresses on file. Given both the strong economic self-interest for royalty owners to keep receiving royalty checks and evidence showing that only some 11% of royalty accounts are in suspense for one reason or another, the court finds that the Notice adopted in an Appendix to this Order is the best practicable procedure under the circumstances of the case.[3]

IT IS ACCORDINGLY ORDERED this 11th day of April, 2012, that the plaintiff's Motion for Approval (Dkt. 157) is hereby granted as provided herein.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

Administrator and accessing the court's electronic docket and the Notice Administrator's website.

[3] The court has made minor stylistic changes to the plaintiff's proposed Notice and modified the suggested date for opting out in Paragraph 8 of the Notice.

# Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMIE HERSHEY, individually and on
behalf of all others similarly situated,
       *Plaintiff*,

          vs.                Case No. 07-1300-JTM

EXXONMOBIL OIL CORPORATION,
       *Defendant*.

## NOTICE OF PENDENCY OF CLASS ACTION

*A court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU RECEIVED A ROYALTY PAYMENT ON ANY KANSAS WELL OF EXXONMOBIL OIL FROM JANUARY 1, 1988 TO THE PRESENT, A CLASS ACTION LAWSUIT MAY AFFECT YOUR RIGHTS.**

The United States District Court for the District of Kansas has decided that the above captioned lawsuit (the "Action") may proceed as a class action. This Notice is to advise about the Action and your rights in connection with it. A complete description of your options is contained in this Notice under the heading "YOUR CHOICES" on p. 3 below. You should read this entire Notice before deciding whether to remain in the class or exclude yourself. This Notice is not an expression of opinion by the Court as to the merits of any of the claims or defenses asserted by any of the parties to the Action or the ultimate outcome of the Action.

## WHAT A CLASS ACTION IS

In a class action lawsuit, one or more people, called a "Class Representative," sue on behalf of other people and entities that have similar claims. The people and entities on behalf of whom the suit is prosecuted are together called the "Class" and each person or entity upon whose behalf the suit is prosecuted is called a "Class Member." The Class Representative and the lawyers appointed to represent the Class will present the claims on behalf of the Class and the Court will resolve the claims of the Class and of all of the Class Members, except for those who exclude themselves as provided herein. The Class Representative in this case is Jimmie Hershey. More about him and the lawyers appointed to represent the Class is found below in the Section entitled "Information about the Case and Claims Asserted for the Class." The Class Definition and information from which you can determine if you are in the Class, that is, if you are a Class Member, is contained in the next section of this Notice.

## WHO IS IN THE CLASS IN THIS CASE IS DETERMINED BY THE CLASS DEFINITION

The Court entered an order on March 31, 2011, certifying this Action as a class action on behalf of a Class defined as follows:

> All royalty owners of ExxonMobil Oil Corporation (including predecessors, successors, and affiliates) from Kansas wells that have produced gas and/or gas constituents (such as residue gas or methane, natural gas liquids, helium, nitrogen, or condensate) from January 1, 1988 to the present.
>
> Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); (2) Defendant, its affiliates, predecessors, and employees, officers and directors; and (3) Any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing or marketing.

If you own or have owned royalty interest(s) in ExxonMobil (or its predecessor) wells located in Kansas that produce or have produced gas and/or gas constituents from January 1, 1988 to the present, you are a member of the Class unless you also fit one of the exclusions stated above.

To the extent that a member of the Class receives revenues from oil production or from an overriding royalty interest in oil production, such revenues are not affected by this Action.

## INFORMATION ABOUT THIS CASE AND CLAIMS ASSERTED FOR THE CLASS

1. This case began as two lawsuits in the district court for Stevens County, Kansas, the first one filed on August 23, 2007. ExxonMobil removed both to the United States District Court for the District of Kansas. The federal court consolidated the actions into this case and denied motions to remand the cases back to state court.

2. Jimmie Hershey ("Hershey") owns royalty interests in two wells for which ExxonMobil pays Hershey royalties. When the Court certified the Action as a class action, Jimmie Hershey was appointed Class Representative. The attorneys with the firm of Gunderson, Sharp & Walke, L.L.P. have been named as Class Counsel, that is, as the lawyers to represent the Class. On June 14, 2011, the Tenth Circuit Court of Appeals denied ExxonMobil's petition for permission to appeal the order granting class certification.

3. Hershey contends on behalf of the class that Kansas law requires ExxonMobil to bear all costs necessary to produce marketable products, and then pay royalties based on the commercial price for marketable products. Hershey asserts that ExxonMobil has underpaid royalties in various respects including: (1) deducting from royalty owners the costs of placing the gas stream and all

constituent products into marketable condition such as by deducting or contracting to have deducted the costs of gathering, compression, dehydration, treatment, processing, transportation, fuel charges, lost and unaccounted for allowances, and other third party expenses before gas is in marketable condition; (2) deducting a royalty owners share of the total Conservation Fee paid; (3) using a crude helium price to pay royalties on helium instead of the Grade A helium price; and, (4) deducting processing, fractionation and other charges or fees from NGLs, helium, and other constituents before they are placed in marketable condition. Hershey also contends ExxonMobil owes interest on all underpaid amounts. ExxonMobil has denied any liability and asserts various defenses including that it has paid and pays royalties properly in all respects. The Court has not determined the merits of any claim or defense being asserted.

4. The parties will be engaging in discovery on the merits of the claims, which will include, without limitation, the review and analysis of documents, the taking of depositions, and the exchange of expert reports. Like other cases, this case is subject to pretrial proceedings and developments which may alter, limit, or adjudicate claims or defenses being asserted. Any issues that are not resolved by settlement or pretrial proceeding will be decided at a trial. At trial, the Class Representative will be required to prove the claims of the Class and there is no guarantee that the Class will win. The parties will present evidence at trial from which a determination will be made as to who wins and loses the issues that are tried.

5. You may have also received notice of a separate class action against ExxonMobil in Kansas state court contesting the conduct of ExxonMobil from 1996 to the present in regard to its royalty calculation methods for gathering type deductions (*Farrar v. Mobil Oil Corporation*, No. 01-CV-12 (Stevens County, Kansas Dist. Ct.)). You may be a member of both that class and this federal Class. You may remain in both cases if you so choose. The *Farrar* class notice would have directed you about that case, and this Class Notice will direct you how you can choose to participate or not to participate in this case.

## YOUR CHOICES

6. This Notice was sent to you because records of ExxonMobil indicated that you might be a member of the Class. To determine if you are in the Class, review the Section above entitled "Who is in the Class in This Case is Determined by the Class Definition." This Notice is intended merely to advise you of the pendency of this Action and of your rights with respect to the Action, including the right to remain a Class Member or to exclude yourself from the Class. ***You do not have to do anything to remain a class member.***

7. If you remain a Class member, Gunderson, Sharp & Walke, LLP, 5301 W.75th St., Prairie Village, Kansas 66208 will act as Class Counsel on a contingent fee basis, and you will be bound by any judgment in this Action, whether favorable or unfavorable. If there is a recovery, you may be entitled to share in the proceeds, less such costs, expenses, and attorneys' fees as the Court may allow out of such recovery. If you remain a member of the Class and ExxonMobil prevails in the

Action, you will not pay any attorneys' fees or expenses, but you will be bound by the result and may not pursue your own lawsuit on any of the issues decided in this Action. If you remain a Class Member, you will not be personally responsible for Class Counsel's attorneys' fees or costs. Any fees or expenses ultimately allowed by the Court to Class Counsel will be payable out of the recovery in the Action, if any. As a Class member, you may enter an appearance through your own counsel at your own cost if you so desire.

8. *If you wish to exclude yourself from the Class, You Must Take Action*. To be valid, a written request for exclusion from the Class it must: (a) state the name and address of the person or entity requesting the exclusion; (b) state your ExxonMobil Owner Number if you have it; (c) identify the well or wells in which you hold a royalty interest and for which you request an exclusion; (d) sign the request for exclusion as an individual or an officer of the entity requesting exclusion; (e) mail the request to the Notice Administrator, at the address below. The request must be postmarked no later than June 15, 2012. Do **not** request to be excluded from the Class if you wish to participate in this Action as a Class Member.

9. If you exclude yourself from the Class, you will not be bound by any judgment in this Action, nor will you be entitled to share in any recovery in this Action, but you may individually pursue any legal rights you may have against ExxonMobil at your own expense.

## AVAILABILITY OF FILED PAPERS AND INFORMATION

10. This Notice does not fully describe all of the contentions of the parties. The pleadings and other papers filed in this Action are available for inspection in Wichita at the Office of the Clerk of the Court. The records are also available on-line for a fee through the PACER service at www.pacer.gov/. Additionally, you may download a copy of the Complaint from the http://www.strahm.com/ExxonMobilclassaction.html or by obtain a copy by contacting the Notice Administrator:
> Strahm Automation and Mailing Services
> Class Notice Administrator for Hershey v. ExxonMobil (D. Kan.)
> 1700 Broadway
> Kansas City, MO 64108

11. If you have any questions about this Notice, you may consult an attorney of your own choosing at your own expense, or the Notice Administrator whose contact information is in the preceding paragraph.

**PLEASE DO NOT CONTACT THE JUDGE OR
THE COURT CLERK ASKING FOR INFORMATION.**

DATED this 11th day of April, 2012, at Wichita, Kansas.

J. THOMAS MARTEN, JUDGE