(Rev. 3/3/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMIE HERSHEY,<br>Plaintiff,<br><br>v.<br><br>EXXONMOBIL OIL CORPORATION,<br>Defendant. | Case No. 07-1300-JTM |

# REVISED SCHEDULING ORDER

Having considered the Joint Motion for Entry of Amended Scheduling Order and for Extension of Time to Respond to Plaintiff's Pending Motion for Partial Summary Judgment (Doc. 212), the court GRANTS the motion and enters this revised scheduling order, summarized in the table that follows:[1]

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | |
| Defendant's settlement counter-proposal | |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator or other ADR neutral | |
| Mediation or other ADR process completed | |
| Settlement conference with court | |
| Initial disclosures exchanged | |
| All discovery completed | 11/15/12 |
| Early discovery completed | |
| Experts disclosed by plaintiff | 9/20/12 |
| Experts disclosed by defendant | 10/30/12 |
| Rebuttal experts disclosed | 11/13/12 |
| Independent medical examinations | |
| Supplementation of disclosures | per rule and 40 days prior to close of discovery |
| Preliminary witness and exhibit disclosures | |
| Jointly proposed protective order submitted to court | |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | |
| Motions to join additional parties or otherwise amend the pleadings | |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | |
| All other potentially dispositive motions (e.g., summary judgment) | 11/23/12 |
| Motions challenging admissibility of expert testimony | 3/12/13 |
| Comparative fault identification | |
| Status conference | |
| Final pretrial conference | 1/18/13 at 10:00 a.m. |
| Proposed pretrial order due | 1/14/13 |
| In limine conference | 5/1/13 at 2:30 p.m. |
| Trial | 5/7/13 at 9:00 a.m. (Jury) |

**1. Alternative Dispute Resolution (ADR).**

a. No mediation is ordered at this time but may be addressed at the pretrial conference.

**2. Discovery.**

a. All discovery shall be commenced or served in time to be completed by **November 15, 2012.**

b. The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

c. No party shall serve more than **30** interrogatories, including all discrete subparts, to any other party.

d. Except with respect to in-house or outside experts, there shall be no more than **15** oral fact depositions by plaintiff and **15** oral fact by defendant.

e. Each deposition shall be limited to **6** hours, except for the depositions of experts which shall be limited to **8** hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

f. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **September 20, 2012**, with simultaneous production of documents relied on by experts, and by defendant by **October 30, 2012,** with simultaneous production of documents relied on by the experts. Disclosures and reports by any rebuttal experts shall be served by **November 13, 2012,** with simultaneous production of documents

relied upon by such supplemental or rebuttal experts. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

g. Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served **40 days** before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff

is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

h. At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

i. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3. Motions.**

a. The deadline for Defendant's response to Plaintiff's pending motion for partial summary judgment (Doc. 212) is extended to **May 29, 2012.**

b. All potentially dispositive motions shall be filed by **November 23, 2012**. Responses shall be filed by **December 14, 2012,** and replies shall be filed by **December 28, 2012.**

c. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **March 12, 2013.**

d. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**4. Other Matters.**

a. Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for **January 18, 2013 at 10:00 a.m.** Unless otherwise notified, the undersigned magistrate judge will conduct the conference via telephone conference call to be initiated by the court. No later than **January 14, 2013**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to

*ksd_humphreys_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's Internet website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

b. All *in limine* motions and proposed jury instructions are to be filed on or before **April 24, 2013**, and an *in limine* conference is set for **May 1, 2013 at 2:30 p.m.** before Judge J. Thomas Marten.

c. The parties expect the trial of this case to take approximately **10 days**. This case is set for jury trial on the court's docket beginning on **May 7, 2013 at 9:00 a.m.** The trial setting may be changed only by order of the judge presiding over the trial.

d. The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court. The parties should review and comply with Judge Marten's Guidelines for Parties and Counsel on Pretrial and Trial Matters. This can be found on the court website at: http://www.ksd.uscourts.gov/chambers/jtm/GuidelinesForPartiesAndCounsel.pdf.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 9th day of May, 2012, at Wichita, Kansas.

S/ Karen M. Humphreys

KAREN M. HUMPHREYS
U.S. Magistrate Judge