IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMIE HERSHEY, Individually and
on behalf of All Others Similarly Situated,

Plaintiff,

vs.                                                                                  Case No. 07-1300-JTM-KMH

EXXONMOBIL OIL CORPORATION,

Defendant.

### *FARRAR* CLASS'S MOTION TO INTERVENE *INSTANTER* FOR PURPOSE OF BEING HEARD REGARDING INJUNCTION AND PRIOR RESTRAINT

COMES NOW the certified Plaintiff Class in *Farrar et al. v. Mobil Oil Corporation*, Case No. 01-CV-12 (Stevens Co., Kansas Dist. Ct.) (hereafter "the *Farrar* Class"), and moves the Court, pursuant to FED. R. CIV. P. 24, for leave to intervene, *instanter*, for the purpose of being heard in opposition to the entry of any injunction affecting the parties, counsel, or court in *Farrar et al. v. Mobil Oil Corporation*.

In support of said motion, the *Farrar* Class states as follows:[1]

1. A hearing on motions for summary judgment is scheduled to occur in *Farrar et al. v. Mobil Oil Corporation*, **next Wednesday, August 22, 2012**, in Stevens County District Court. That hearing date was established months ago, and all briefing has been completed

---

[1] Due to the exigency of the situation, the *Farrar* class respectfully asks to be excused from the usual requirement of filing a separate supporting memorandum.

in anticipation of that hearing.

2. Late yesterday, counsel for the *Farrar* Class were made aware that the parties in *Hershey* were asking the Court to enter an order enjoining members of the *Farrar* Class and their counsel from engaging in further litigation in connection with their first-filed, first-certified class action pending in Stevens County, Kansas and the Kansas Court of Appeals, and precluding them from communicating with their own class members.

3. It appears that the injunction is designed to avoid the entry of summary judgment in favor of the *Farrar* Class.

4. It appears that the injunction is designed to bar the *Farrar* Class from participating in Mobil's appeal from the final judgment entered against it in state court under the 1984 Settlement Agreement.

4. Mr. Hershey and his counsel are still affected by a conflict of interest that precludes them from adequately representing the *Farrar* Class, which conflict is now made manifest by the proposed settlement and by the recent ruling in *Freebird, Inc. v. Merit Energy Co,* Case No. 10-1154-KHV, (D. Kan. August 1, 2012)(copy attached hereto), in which this court rejected the very same limitations tolling theories of open account, fraudulent concealment and discovery rule relied upon by Mr. Hershey herein.

The *Farrar* Class respectfully requests an opportunity to be heard before the Court enters any injunction affecting its interests and its ability to litigate its claims in *Farrar et al. v. Mobil Oil Corporation.*

WHEREFORE, the *Farrar* Class respectfully requests that its motion to intervene *instanter* be granted.

Respectfully submitted,

  /s/David G. Seely

Thomas D. Kitch - #07034
Gregory J. Stucky - #09674
Charles E. Millsap - #09692
David G. Seely - #11397
Daniel E. Lawrence - #23728
FLEESON, GOOING, COULSON & KITCH, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, Kansas  67202
Telephone: (316) 267-7361
Email: dseely@fleeson.com

-and-

Erick E. Nordling - #12302
KRAMER, NORDLING & NORDLING, LLC
209 East Sixth Street
Hugoton, Kansas  67951
Telephone: (620) 544-4333

*Attorneys for Farrar Plaintiffs and Plaintiff Class*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of August, 2012, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send electronic notice of filing to all counsel of record.

       /s/David G. Seely
       David G. Seely