IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMIE HERSHEY, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

        Plaintiff,

vs.                                        Case No. 07-1300-JTM

EXXONMOBIL OIL CORPORATION,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on several motions filed by the *Farrar* class representatives. For the reasons provided herein, these motions are denied.

*Partial Dissolution*

The *Farrar* class representatives seek to partially dissolve the injunction granted by the court at the conclusion of the hearing conducted August 16, 2012, and further memorialized by written order filed the following day. (Dkt. 292). They argue that the injunction violates the Full Faith and Credit Act, 28 U.S.C. § 1738, by preventing class

representatives from pursuing ongoing litigation in Stevens County, Kansas District Court, and in addressing an interlocutory appeal, now before the Kansas Court of Appeals, which addresses part of that action. The court hereby finds that the injunction entered was proper, and the Motion to Dissolve is denied.

The court's injunction was properly entered pursuant to the All Writs Act, 28 U.S.C. § 1651, under which federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions." In appropriate cases, the Act authorizes federal courts to enjoin parties from pursuing parallel state class actions to protect and facilitate settlement proceedings. *Hillman v. Webley*, 115 F.3d 1461, 1469 (10th Cir. 1997). This authorization under the All Writs Act tracks with an exception to the general prohibition against federal injunctions of state court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283, which permits the court to fashion such relief "where necessary in aid of its jurisdiction."

This authority is not diminished by the fact that the *Farrar* class has obtained *partial* summary judgment against ExxonMobil as to the underpayment claims reflected in the 1984 Settlement Agreement, a matter currently on *interlocutory* appeal to the Kansas Court of Appeals. No final judgment has been rendered against ExxonMobil, and no damages have been assessed. As this court has previously stressed, the claims in this action are broader than those asserted in *Farrar*, and as a result include and encompass prior claims

which may have been memorialized in the 1984 Settlement Agreement.

The Full Faith and Credit Act, 28 U.S.C. § 1735, provides

> The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
>
> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

The Act "directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering State." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996). But while the Act thus obliges this court to accord state court proceedings the same respect it accords to actions brought in other federal courts, it does not deprive the court of the ability to police and protect settlement proceedings under the All Writs Act. That Act grants the "power to stay pending federal and state cases to effectuate class action settlement approval." *Kaufman v. American Express Travel Related Services*. 264 F.R.D. 438, 449 (N. D. Ill. 2009). *See* 7B Wright, Miller & Kane, FED. PRAC. & PROC. § 1798.1, 236 (2005) (recognizing that federal courts may

3

not as a matter of course enjoin parallel state class actions, but that "if that action proceeds to the settlement stage, then an injunction to protect the court's power to effectuate a settlement may be upheld").

The partial summary judgment entered in *Farrar* was not a final judgment under Kansas law, but simply an interlocutory and provisional ruling. *See Varney Business Services v. Pottroff*, 275 Kan. 20, 29, 59 P.3d 1003 (2002) (partial summary judgment is "not a final judgment"); *Henderson v.. Hassur*, 1 Kan.App.2d 103, 112, 562 P.2d 108 (1977). Such a ruling is subject to revision or reversal at any point before final judgment is entered. *Henderson*, 1 Kan.App.2d at 112 ("a partial summary judgment simply remains interlocutory and is subject to revision ... until a final judgment is entered"). Even if the Full Faith and Credit Act were applicable as a constraint on the power of the court under the All Writs Act, it would not bar the injunction issued here, since none of the rulings in the state action has preclusive effect under Kansas law. *See City of Salina v. State B, Inc.*, 739 P. 2d 933, 935 & 937 (Kan. 1987) (only final judgments are entitled to *res judicata*).

The court appropriately entered the injunction here as a provisional remedy, necessary to protect a settlement which appears *prima facie* fair and substantial. The injunction advances the interest of both the plaintiff class and the defendant, and does so in the context of a case affecting the largest and broadest of the actions brought against the defendant. It thus advances the public interest by providing a forum for the effective

resolution of the broadest spectrum of claims against the defendant. All members of the class, including persons who are also members of the *Farrar* class, will be able to either opt out of the settlement as individuals, or to challenge its fairness.

Finally, the court finds that injunctive relief was an integral and essential element of the settlement between the parties. Conversely, dissolution of injunctive relief would work irreparable harm to the parties in this action, since it would be accompanied by the dissolution of what appears to be a fair and reasonable settlement of the entire dispute between the parties.

Because the injunction was necessary to preserve the potential settlement while it is reviewed by this court, the relief was appropriate under the All Writs Act.

*Motion to Expedite*

The *Farrar* class representatives have also moved for an expeditious resolution of the issues before the court, citing the importance of the issues involved, the status of the ongoing state litigation, and the impending issuance of the Class Notice approved by the court.

The court finds that the motion is unnecessary, as the court in any event always seeks to resolve with dispatch any challenge to its jurisdiction.

In addition, the motion is in important respects moot, since Notice of the prospective

settlement was issued in compliance with the court's Order on Monday, August 20, 2012. By its Order, this court directed that Notice be issued to the class within seven days. While the *Farrar* class representatives promptly filed their motion to intervene for the purpose of challenging the injunction immediately following the August 16 hearing, their Motion to Expedite was not filed until August 21, a full five days after the hearing in which the court granted the plaintiff's motion for provisional settlement approval, and a day after the Notice was sent.

Finally, and in addition to the foregoing, such relief is not justified since no exigency exists. The Stevens County, Kansas District Court has continued the summary judgment hearing in *Farrar* scheduled for August 22, 2012 in light of this court's Order. *Farrar* class members can opt out of the settlement on an individual basis, or they can participate in this action and challenge the fairness of the proposed settlement.

*Motion to Intervene*

Finally, the Farrar class representatives seek leave to intervene for the limited purpose of challenging the injunction issued by the court. This motion (Dkt. 291) is denied as moot, given the full briefing submitted by the parties on the Full Faith and Credit argument, and the court's corresponding rejection of that challenge to its jurisdiction.

IT IS ACCORDINGLY ORDERED this 24th day of August, 2012, that the Motions

of the *Farrar* Class Representatives for Intervention (Dkt. 291), Partial Dissolution (Dkt. 295), and Expedition (Dkt. 297) are denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE