IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMIE HERSHEY,
    individually and on behalf of all
    others similarly situated,

        Plaintiff,

        vs.                           Case No. 07-1300-JTM

EXXONMOBIL OIL CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Intervene for Limited Purpose of the *Farrar* class representatives. (Dkt. 216). The motion seeks intervention for the ostensible purpose of protecting a partial summary judgment awarded the representatives in parallel state litigation. The court has reviewed the arguments of the parties and concludes that the motion should be denied.

This *Farrar* class members have been vigilant in their efforts to advance their perceived interests. This court has denied by separate Orders (Dkt. 182, 307) two other

motions to intervene by the *Farrar* class representatives. (Dkt. 137, 291). The findings and conclusions of those Orders are adopted herein.

In addition, before commencing their formal attempts to intervene in the action, the *Farrar* class representatives sought to prevent class certification of the plaintiff class through a variety of non party pleadings. Thus, the *Farrar* class representatives initially filed a STATEMENT NOTIFYING THE COURT OF THE EXISTENCE OF A CERTIFIED CLASS IN A PRIOR ACTION WHOSE RIGHTS WILL BE PREJUDICED BY CLASS CERTIFICATION HEREIN, (Dkt. 117). Hershey moved to strike the pleading as an improper filing by a non-party, and Magistrate Judge Humphreys granted the motion as unopposed on November 5, 2010. (Dkt. 121). On November 15, 2010, the *Farrar* class both objected to the decision to strike under Fed.R.Civ.Pr. 72 (Dkt. 123), and filed its OBJECTION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION. (Dkt. 124). This promptly drew another motion to strike by Hershey. (Dkt. 135). In its Order granting the plaintiff's Motion to Certify (Dkt. 135), this court also overruled the objection to the Judge Humphreys's decision to strike the Statement Notifying, and denied as moot the Hershey class's second motion to strike.

The pending Motion to Intervene (Dkt. 216) is hereby denied in light of this court's prior rulings and its general conclusion that the *Farrar* class representatives have failed to show any conflict of interest justifying intervention. In particular, this court has previously determined that the *Hershey* class and its counsel adequately represents the interests of

class members (Dkt. 182, at 11), and that as an interlocutory order the state court partial summary judgment award is not entitled to full faith and credit. (Dkt. 307). In addition, the court notes that the Hershey class has continued to protect the interests of the class by separately moving for partial summary judgment on the issue of the 1984 Settlement Agreement (Dkt. 250).

The court finds no basis for finding inadequate representation of the interests of the *Farrar* class members, and so finds no grounds for the relief sought. *See Kane County, Utah v. United States*, 503 F.3d 1163, 11207 (10h Cir. 2007) (en banc).

IT IS ACCORDINGLY ORDERED this 5th day of September, 2012, that the Motion to Intervene (Dkt. 216) of the *Farrar* class members is hereby denied.

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE