IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMIE HERSHEY,
     individually and on behalf of all
     others similarly situated,

         Plaintiff,

         vs.                Case No. 07-1300-JTM

EXXONMOBIL OIL CORPORATION,

         Defendant.

MEMORANDUM AND ORDER

The matter is before the court on two motions by "the *Farrar* class," which has submitted a Motion for Reconsideration (Dkt. 310), and a Motion to Stay (Dkt. 319). For the reasons provided herein, these motions are denied.

The court notes that in addition to their arguments on the merits, the respondent plaintiff class and ExxonMobil also vigorously object to the motions of the *Farrar* class on standing grounds. The motions are made by no party recognized in the action, nor on behalf of any specific class member. The parties note that the time for opting out of the proposed settlement has passed, and fewer than ten of the approximately 8500 class members have chosen to do so. Additionally, a few individuals have formally objected to

the settlement, and can now actively and directly participate in the action.

The court finds that it need not resolve the issue. The court denies both motions for the reasons set out below.

### Reconsideration

First, the representatives of the *Farrar* class seek reconsideration of the court's Order (Dkt. 307) which denied their request to partially dissolve the injunction designed to assist and aid in the efficient settlement of all class claims in the present forum. The court finds no basis for reconsideration, and the request is hereby denied.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The *Farrar* representatives suggest that reconsideration is justified based upon (a)

2

the fact that the 1985 Settlement Agreement was later  included a separate judgment; (b) an argument that the partial summary judgment they obtained in the state action was indeed final, for purposes of applying the Full Faith and Credit Act; and (c) that the parties to the present action have conceded that finality. These arguments, however, are ones which could, and for the most part were, made to and rejected by this court. As noted earlier, a motion for reconsideration is not a device for reiterating previously-rejected arguments, or for presenting new arguments which should have been presented in the first instance.

Even if these arguments were properly before the court, however, the motion would still fail.  With respect to the issue of finality, the fact that the 1984 Settlement Agreement was later memorialized in a state court judgment does not collaterally estop the parties from litigating the language and meaning of the Agreement, or of litigating claims which have arisen outside the scope of that Agreement. Further, the court finds nothing in the actions of the plaintiff class or ExxonMobil suggesting that they agree that the interlocutory summary judgment award in the state action was indeed a final and binding judgment. In any event, as the court noted in its Order, even if the state court's order of partial summary judgment would otherwise fall within the scope of the Full Faith and Credit Act, this would not deprive the court of its authority to fashion appropriate injunctive relief under the All Writs Act.

***Motion for Stay***

3

The *Farrar* class representatives request a stay of scheduled October 23, 2012 Settlement Hearing until after the resolution of their appeals, contending that the court lacks jurisdiction.

The motion to stay is hereby denied. The Tenth Circuit is presently considering the movant's appeal from the court's decisions denying them leave to intervene for two specific and limited purposes. In the first instance, movants sought leave to intervene for the limited purpose of protecting themselves from a statute of limitations defense which might be advanced in the present action. Second, they sought leave to intervene for the purpose of protecting their interest in a partial summary judgment award in the parallel *Farrar* action.

The interlocutory appeals from the denials of leave to intervene thus present procedural issues separate from the merits or fairness of the proposed settlement under Rule 23(e). *See Garcia v. Burlington N. R.R.*, 818 F.2d 713, 721 (10th Cir. 1987) (appeal of an interlocutory order normally does not deprive the district court of jurisdiction to address other matters).

The single case cited by the movants in support of a stay, *McCauley v. Halliburton Energy*, 413 F.3d 1158 (10th Cir. 2005), is exceptional and not controlling here. *McCauley* involved an appeal from a denial of a motion to compel arbitration. The Tenth Circuit analogized the action to denials of qualified immunity, reflecting in both instances a right "to avoidance of litigation" which would be rendered meaningless if the action proceeded to a consideration of the merits. 413 F.3d at 1162. This narrow exception to the general rule

4

has no application here, and the interests of justice support the expeditious resolution of the settlement of the claims asserted by the vast majority of the plaintiff class.

IT IS ACCORDINGLY ORDERED this 3rd day of October, 2012, that the Motions to Stay (Dkt. 319) and to Reconsider (Dkt. 310) of the Farrar class are hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE