IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMIE HERSHEY,
    individually and on behalf of all
    others similarly situated,

        Plaintiff,

vs.                       Case No. 07-1300-JTM

EXXONMOBIL OIL CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

The matter is before the court on Objector Keith Farrar's Motion for Discovery (Dkt. 323) which seeks extensive discovery into both the information previously exchanged between ExxonMobil and the plaintiff class, as well as information as to the parties' settlement negotiations.

Farrar correctly observes that a party objecting to a proposed class action settlement has a due process right to present his challenge in a meaningful way. *Kowalczyk v. INS*, 245 F.3d 1143, 1147 (10th Cir. 2001) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). At the same time, however, there is no vested right for objectors to conduct discovery. *International Union v. General Motors*, 497 F.3d 615, 6(6th Cir. 2007). In exercising its discretion to ensure a fair class action settlement, the court in appropriate cases may "limit

the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement." *Epstein v. Witting*, No. 03-4081-JAR, 2005 WL 3276390, *7 (D. Kan. 2005) (noting that objectors "do not have an absolute right to discovery"). While the court must extend all objectors fair opportunity to challenge a proposed settlement, this does not translate in all cases into unfettered access to an existing and voluminous discovery record. *See Rutter v. Wilbanks Corp. v. Shell Oil*, 314 F.3d 1180, 1187 (10th Cir. 2002). "'Although the right to be heard is an integral part of due process, an individual entitled to such process is not entitled to dictate to the court the precise manner in which he is to be heard." *Id.* (quoting *Jones v. Nuclear Pharm.*, 741 F.2d 322, 325 (10h Cir. 1984)).

As noted earlier, the first class of information requested by Farrar targets discovery materials previously exchanged between Hershey and ExxonMobil. (Dkt. 324, at 2).[1] However, other than a recitation of the rule that objectors are generally allowed access to discovery in an action, Farrar presents no extended argument relating this argument to the present action. (*Id.*, citing MANUAL FOR COMPLEX LITIGATION, § 21.643, pp 327-28).

In addition, Farrar contends that ExxonMobil should provide the requested information given its agreement to provide an accounting in the *Farrar* action. A review of the cited document, however, fails to show any such agreement by ExxonMobil to provide such an accounting. (Dkt. 324-3).

Both ExxonMobil and the plaintiff class oppose the discovery as unnecessary and

---

[1] The full list of information sought by Farrar was first presented to the parties by a e-mail sent August 31, 2012. That list is attached as an Exhibit to Farrar's motion, and appears as an Appendix to the present Order.

burdensome.[2] ExxonMobil stresses the extent of discovery previously accorded Farrar in the state action, including 200,000 pages of documents and 5.5 gigabytes of electronic data relating to royalty payment records. The company also made available for review its lease and accounting files, and ExxonMobil corporate represenatives were deposed for six days.

Further, the same authority cited by Farrar also provides:

> Discovery should be minimal and conditioned on a showing of need, because it will delay settlement, introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel. A court should monitor post-settlement discovery by objectors and limit it to providing objectors with information central to the fairness of the proposed settlement. A court should not allow discovery into the settlement-negotiation process unless the objector makes a preliminary showing of collusion or other improper behavior.

MANUAL FOR COMPLEX LITIGATION, § 21.643, pp. 327-28.

Farrar requests information relating to the settlement negotiations between the plaintiff class and ExxonMobil. He contends that, in light of recent decisions by the Kansas Supreme Court (*Seaboard Corp. v. Marsh, Inc.*, __ Kan. __, 284 P.3d 314 (Aug. 31, 2012) and Judge Vratil (*Freebird v. Merit Energy*, No. 10-1154-KHV, 2012 U.S. Dist. LEXIS 106866 (D. Kan. Aug. 1, 2012)), the proposed settlement should be seen as potentially collusive.

The court finds that the request to discover the existing discovery record, along with the designated settlement communications, should be denied. Again, as Judge Robinson

---

[2] The plaintiff class opposes the discovery motion for the additional rationale that Farrar's counsel sent the informal e-mail request well before his formal Objection was filed. The plaintiff therefore contends that the present discovery motion violates District of Kansas Rule 37.2, given the absence of any certification of an attempt to confer prior to the filing of the motion. The court does not disagree, but proceeds to the merits of Farrar's request in order to expeditiously resolve all issues preliminary to the scheduled fairness hearing.

summarized the factors relevant to objector discovery in *Epstein:*

> The fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement. The criteria relevant to the court's decision of whether or not to permit discovery are the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of the objectors. Discovery should be minimal and conditioned on a showing of need, because it will delay settlement, introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel. The burden is higher when a party seeks discovery of settlement negotiations. It is only proper where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.

2005 WL. 3276390, *7 (citations and internal quotations omitted).

Applying these standards here, the court finds that the requested discovery is unwarranted. First, as noted earlier, the existing, voluminous evidentiary record already available to Farrar provides a sufficient basis for him to present his arguments, and for the court to assess the fairness of the proposed settlement. Given the years in which all parties, including the objector, have been studying ExxonMobil's royalty payment system, granting the requested discovery would only serve to needlessly delay implementation of the proposed settlement.

Second, the "number and interests" of the objectors weighs against discovery, given that the vast majority of the plaintiff class has not opted out of the proposed settlement, and that of the two objectors Farrar and Lahey, only one has chosen to assert the need for additional discovery.

Third, Farrar has presented no credible evidence suggesting collusion on the part of the plaintiff and ExxonMobil. The only grounds cited by Farrar for such a conclusion, as noted earlier, are two recent decisions which Farrar suggests compromised the ability

of the plaintiff class to present its claims free from a statute of limitations defense by ExxonMobil. An examination of those cases, however, demonstrates that Farrar's claims of collusion are unjustified and purely speculative.

*Freebird*, the first of the cases cited by Farrar, reflects an interlocutory ruling by another judge of this District, involving different claims and different parties. *Freebird, Inc. v. Merit Energy*, No. 10-1154-KHV, 2012 WL 3143870 (D. Kan. Aug. 1, 2012). The decision is not controlling here, and the court finds no grounds for inferring that this decision caused the parties, and their counsel, to commence a fraudulent or collusive settlement of the claims in this action.

*Seaboard*, the second of the cases cited by Farrar provides even less reason to suspect collusion. First, the Kansas Supreme Court in that case did not, as Farrar suggests, reject the federal doctrine of class action tolling. Rather, the court resolved the case on the basis of state statutory law (K.S.A. 60-518), and explicitly disavowed any resolution of the class action tolling doctrine first articulated in *American Pipe & Constr. v. Utah*, 414 U.S. 538 (1974). *See* 284 P.3d at 324 ("the issue before us is not how we will apply the court-created *American Pipe* tolling principle"). Second, and more fundamentally, *Seaboard* was unlikely to have thrust the parties into collusion for the simple fact that it was decided *after* the parties reached their proposed Settlement Agreement.

In the end, the present action contains a broader basis for class-wide recovery than that presented in *Farrar*, and provides a logical forum for ExxonMobil to attempt to fairly resolve what it has termed the "tornado" of royalty litigation asserted against it. Because Farrar has failed to present any colorable indicia of fraud or collusion, the wide-ranging

discovery request presented in his motion is denied.[3]

In considering Farrar's requested discovery order, as in its consideration of the provisional settlement, the court has considered and reviewed all of the circumstances of the case. These circumstances include the extensive discovery actually provided the Objector in the *Farrar* action, or which has been otherwise made available to him. Co-Objector Lahey has thus assembled expert calculations as to the value of the litigation "[u]sing reasonable assumptions based on data provided by ExxonMobil in the *Farrar* case." (Dkt. 328, at 9-10). The existing record is equally available to Farrar himself.

IT IS ACCORDINGLY ORDERED this 5th day of October, 2012, that the Objector's Motion for Discovery (Dkt. 323) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[3] Because the court finds that the discovery request is generally unjustified, it need not reach the additional issue presented by the ExxonMobil that much of the information sought (such as items 4, 5, 20, and 21) are not discoverable as protected by attorney-client privilege.

APPENDIX

*Discovery Sought by Objector*

1. Copies of any and all communications and other documents exchanged between Hershey class counsel and ExxonMobil regarding settlement and any mediation preceding that settlement, including but not limited to all previous drafts of the Settlement Agreement and Release;

2. Copies of any and all communications and other documents exchanged between Hershey class counsel and any mediator regarding preceding the settlement, including but not limited to any settlement brochure(s), mediation submission letter(s), and offers to settle.

3. Copies of any and all communications and other documents exchanged between ExxonMobil and any mediator regarding mediation and/or settlement, including but not limited to any settlement brochure(s) or mediation submission letter(s) , and offers to settle.

4. Electronic and written copies of any and all worksheets, spreadsheets, and any other studies performed to determine the value of claims purported to be settled in th is lawsuit.

5. Copies of any and all studies, analyses, and/or calculations of the present value or the fair market value of Exxon Mobil's agreement to share or deduct Gathering Fees and Expenses in the future.

6. Copies of any and all studies, analyses, and/or calculations of the total value, in dollars, of the "Total Settlement Amount" as defined in Section 2.51 of the Settlement Agreement and Release, and of each component thereof.

7. Copies of any and all studies, analyses, and or calculations of the amount of conservation fees reimbursed by Exxon Mobil as a result of this lawsuit.

8. Copies of any and all studies, analyses, and/or calculations of the amount or value of conservation fees that will not be deducted as a result of this lawsuit.

9. The electronic spreadsheet(s) reflecting Class Member information and

   payment history provided to Hershey by Exxon Mobil pursuant to Section 6.3 of the Settlement Agreement and Release.

10. Any additional royalty payment information provided to Hershey by Exxon Mobil, including but not limited to information provided pursuant to Section 9.7 and/or Section 6.3 of the Settlement Agreement and Release.

11. An Excel spreadsheet containing a list of class members to whom the Notice of Settlement of Class Action was mailed, including name, address, and ExxonMobil royalty owner number.

12. An Excel spreadsheet containing the list of class members to whom the prior Notice of Class Action was mailed.

13. An Excel spreadsheet identifying by name, address, and ExxonMobil royalty owner number, all current royalty owners who have interest in wells not gathered on the Bushton or Hickok gathering lines and will receive a present value additional payment in lieu of Exxon ceasing to take certain future gathering fee deductions.

14. All information and documents produced by Hershey regarding damages claimed in th is lawsuit, including but not limited to any expert reports regarding damages.

15. All information and documents produced by ExxonMobil regarding damages claimed by Hershey in this lawsuit, including but not limited to any expert reports regarding damages.

16. All written discovery responses provided by Hershey in th is lawsuit that, in any way, pertain to (1) the description of the cla ims asserted herein or (2) the amount of claimed damages.

17. All written discovery responses provided by ExxonMobil in th is lawsuit that, in any way, pertain to (1) the description of the claims asserted herein or (2) the amount of claimed damages.

18. All information and documents produced by ExxonMobil in th is litigation regarding the amounts of its royalty payments to members of the plaintiff class herein during the period covered by this lawsuit.

19. Any and all communications and other documents exchanged between ExxonMobil and Hershey regarding any claim (by anyone) for breach of the 1984 Settlement Agreement, including but not limited to any

    documents regarding the amount(s) of deductions taken under leases subject to the 1984 Settlement Agreement.

20. Any and all documents evidencing or reflecting Exxon Mobil's efforts, prior to the entry of the order staying execution in Farrar, to determine the amount(s) of the deductions taken under leases subject to the 1984 Settlement Agreement.

21. Any and all documents evidencing or reflecting ExxonMobil's efforts, subsequent to the entry of the order staying execution in Farrar, to determine the amount(s) of the deductions taken under leases subject to the 1984 Settlement Agreement, as agreed to in the e-mail from Richard Hite to Tom Kitch on March 22, 2012.