IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMIE HERSHEY, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

        Plaintiff,

vs.                            Case No. 07-1300-JTM

EXXONMOBIL OIL CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

Following the court's approval of the settlement in this natural gas royalty expense deduction class action, Notices of Appeals were filed on behalf of three class members, two former members opting out of the class, and counsel for the objecting parties. This matter is before the court on the motion by the plaintiff class for an appeal bond in the amount of $9.08 million as to class members Thomas L. Lahey and Willie Jean Farrar and Keith Farrar, as Co-Trustees of the Keith Farrar Revocable Trust, dated October 22, 1999, for and on behalf of the trust.

Paragraph 5.3 of the Settlement Agreement approved by the court provides:

> Any Class Member wishing to remain a Class Member, but objecting to any part of the Settlement can do so only as set forth in the Class Notice attached as Exhibit "C". Because any appeal by an objecting Class Member would

> delay the payment under the Settlement, *each Class Member that appeals agrees to put up a cash bond to be set by the district court sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Class caused by the delay.*

(Emphasis added).

The $60.5 million Settlement, which the court found was "fair, reasonable, and adequate," (Dkt. 406, at ¶ 4), includes a $54 million cash payment by ExxonMobil, $800,000 in conservation fee reimbursement to the plaintiff class, $200,000 in administrative expenses, a prohibition of future conservation fees, and $5.5 million worth of foregone future gathering fee deductions. The court awarded one third of this total settlement to counsel for the plaintiff class. The court also approved class counsel's request for fees, including, over the objection of Lahey and the Farrars, an award of an additional 5% in the event of an appeal. (Dkt. 406, at ¶¶ 4, 8, 10, 9.2(a), 10.1, 19).

The plaintiff class represents that the cash bond sought reflects an appropriate award in light of the Settlement Agreement, counsels' anticipated fees and expenses of the appeal, and the interest foregone during the time the appeal may be pending. The class requests the award pursuant to Paragraph 5.3 of the Settlement Agreement, rather than as a supersedeas bond under Fed.R.Civ.Pr. 62(d).

The court hereby grants the relief sought. The Farrars and Lahey remain members of the plaintiff class, and are bound by the terms of the Settlement Agreement. The court finds that such a bond is appropriate as a means to ensure that the objecting members bear the full extent of the costs of the appeal. *See Eatinger and Chesapeake Operating, Inc. v. BP Am. Prod. Co*, No. 12-3243, at 4, n.1 (10th Cir. Oct. 30, 2012) (Hartz, J., dissenting) (citing John E.

Lopatka & D. Brooks Smith, "Class Action Professional Objectors: What to Do About Them?," 39 FLA.ST.U.L.Rev. 865 (2012). As the plaintiff class concedes (Dkt. 414, at 8), the amount of the bond is left to the discretion of the court. *See* Lopatka & Brooks Smith, 39 FLA.ST.U.L.REV. at 872-73.

Objectors Lahey and the Farrars oppose the motion, contending that such a bond requirement is precluded by Fed.R.App.Pr. 7 and 39. However, the court finds that the authorities relied upon by the objectors do not involve class actions in which the parties have, as here, allocated the risks and burden of an appeal by explicit agreement. Further, the objectors have failed to present any authority demonstrating that, pursuant to such an explicit fee-shifting agreement, the court may not enforce that agreement to the extent the appeal causes additional expenses and delays to the settlement class.

While the Farrars and Lahey specifically objected to the *in terrorem* aspect of Section 5.3 (Dkt. 328, at 19 n. 2), this objection was overruled by the court. Further, the objectors made no opposition to Section 5.3 on the grounds now advanced — that it is contrary to Rules 7 and 39. Not only have the objectors waived this argument, the court finds nothing in the cited Rules which would preclude the court from giving effect to a specific agreement of the parties to the expenses of an appeal.

The court finds that the objectors are members of the settlement class and are bound by the Agreement. The court here grants the motion of the plaintiff class to the extent that the objectors shall file an appeal bond in the amount of $9,080,000. This amount reflects the documented and probable expenses of the plaintiff class, the additional attorney fees

generated by the appeal, as well as the likely interest under K.S.A. 16-201 which will be lost to the class during a year spent presenting and resolving the appeal.

IT IS SO ORDERED this 4th day of January, 2013, that the Plaintiff Class's Motion for Appeal Bond (Dkt. 413) is hereby granted.

                                        s/ J. Thomas Marten
                                        J. THOMAS MARTEN, JUDGE